IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VERNITA HUDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-4128-K-BN |
| | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This action has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. *See* Dkt. No. 2. Defendant Citimortgage, Inc. ("Defendant") filed a Motion for Summary Judgment ("Motion") [Dkt. No. 9], seeking judgment in its favor on all claims. For the reasons stated herein, Defendant's Motion should be granted.

**Background**

This is an action brought by Plaintiff Vernita Hudson ("Plaintiff"), concerning the foreclosure of real property located in Lancaster, Texas (the "Property"). On May 30, 2007, Plaintiff executed a promissory note (the "Note") in the principal amount of $78,000.00, payable to Fieldstone Mortgage Company ("Fieldstone"). *See* Dkt. No. 9-2 at 6-9. To secure the Note, Hudson also executed a Deed of Trust on May 30, 2007 ("Deed of Trust"), secured by the Property, and naming Mortgage Electronic Registration System, Inc. ("MERS") as the beneficiary under the Deed of Trust. *See id.*

at 10-28. The Deed of Trust granted broad rights to MERS to act for Fieldstone and its assigns:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

*Id.* at 12-13. On May 8, 2009, MERS assigned the Note and Deed of Trust to Defendant (the "Assignment"), and the Assignment was recorded with the Dallas County Clerk on June 10, 2009. *See* Dkt. No. 9-2 at 3 (¶ 5), 28-30.

Plaintiff failed to make the required payments in accordance with the terms set out by the Note and Deed of Trust and was delinquent for the September 2008 payment and every payment thereafter. *See id.* at 3 (¶ 6). On March 16, 2009, Defendant notified Plaintiff that the loan was in default and explained how to cure the default. *See id.* at 9-2 at 32-33. Plaintiff failed to remit the amount needed to cure the default and bring the loan current. *See id.* at 3 (¶ 8).

On May 20, 2009, Defendant accelerated the Note and notified Plaintiff, via a Notice of Acceleration, of its intent to seek an expedited order of foreclosure. *See id.* at 36-37. Defendant obtained an Order on March 31, 2010 that allowed the Property to be sold. *See id.* at 38-39. In February 2011, Defendant issued a Notice of Substitute Trustee Sale, stating that the sale would be held on March 1, 2011. *See id.* at 41. Defendant purchased the Property at the foreclosure sale for $38,400.00. *See id.* at 43.

On August 8, 2012, Plaintiff brought the instant action in the 68th Judicial District Court, Dallas County, Texas, asserting claims that Defendant (1) lacked the authority to foreclose on the Property and (2) wrongfully foreclosed on the Property. *See* Dkt. No. 1-1 at 6-7. Defendant timely removed the case to federal court on the basis of diversity jurisdiction, *see* Dkt. No. 1, and then filed this Motion, *see* Dkt. No. 9. Defendant argues that Plaintiff lacks standing to challenge the foreclosure and that there is no evidence, let alone a genuine issue of material fact, that Defendant lacked authority to foreclose and wrongfully foreclosed on the Property. *See* Dkt. No. 9. Plaintiff filed a response in opposition to Defendant's Motion asserting that Plaintiff does have standing to assert her causes of action and that Defendant lacked authority to foreclose on the Property, and as a result, Defendant wrongfully foreclosed on the Property. Defendant then filed a reply in support of its Motion. *See* Dkt. No. 15.

## **Legal Standard**s

Under Fed. R. Civ. P. 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or

defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment,"*Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue,"

"the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999). The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

## Analysis

Plaintiff's claims are all primarily based on the premise that Defendant did not have a legal right to foreclose. Specifically, Plaintiff contends that Defendant lacked the legal right to foreclose because the Deed of Trust apparently has not been assigned to Defendant, *see* Dkt. No. 1-1 at 6-7, and/or because the presence of MERS in the chain of title necessarily caused a bifurcation between the Deed of Trust and the Note, which caused any interest that Defendant has in the Property to be unsecured, *see* Dkt. No. 12 at 7. Consequently, Plaintiff contends that Defendant has no legal right to effect

a nonjudical foreclosure sale on the Property. *See id.* at 7-9. Plaintiff also contends that Defendant is not the proper holder of the Note and asserts a "show-me-the-note" theory. *See id.* at 4-5. Finally, Plaintiff contends that Defendant committed a wrongful foreclosure. *See* Dkt. No. 1-1.

Defendant's Authority to Foreclose

Plaintiff challenges Defendant's authority to foreclose on several grounds. Plaintiff first claims that the Assignment to Defendant was invalid because MERS lacked the authority to make the Assignment to Defendant. Plaintiff also challenges Defendant's authority to foreclose based on the split-the-note and show-me-the-note theories.

*1)    Invalid Assignment*

As an initial matter, Defendant argues that Plaintiff lacks standing to challenge the assignment by MERS to Defendant. The undersigned disagrees that Plaintiff lacks standing, *see Reinagel v. Deutsche Bank Nat'l Trust Co.*, ___ F.3d ___, 2013 WL 5832812, at *3 (5th Cir. Oct. 29, 2013); *Hull v. Ocwen Loan Servicing, LLC*, No. 3:12-cv-1098-M, 2013 WL 3089050, at *3-4 (N.D. Tex. June 19, 2013), but nevertheless concludes that MERS had the authority to assign the Note and Deed of Trust to Defendant.

Plaintiff contends that only the "Lender," as that term is defined under the Deed of Trust, has the "power of acceleration and sale." Dkt. No. 12 at 4. According to Plaintiff, Defendant was not entitled to enforce the Deed of Trust because it is not

"Fieldstone," the identified "Lender" in the Deed of Trust. *See id.* at 4. Plaintiff further contends that, for Defendant to have authority to foreclose, Fieldstone was required to have indorsed the Note to Defendant and that, because Fieldstone did not do so, Defendant was not the holder and lacked authority to foreclose. *See id.* at 5.

Without explicitly saying so, Plaintiff seems to challenge MERS's capacity to assign the Note and Deed of Trust. That assertion fails as a matter of law. Here, the Deed of Trust names MERS as the beneficiary, making it the original mortgagee. *See* TEX. PROP. CODE § 51.0001(4)(A); Dkt. No. 9-2 at 10-11. The Deed of Trust also identified MERS as the nominee for the Lender and its successors and assigns. *See* Dkt. No. 9-2 at 11. As the beneficiary of the Deed of Trust, MERS held legal title to the Property and had the right to foreclose and sell the Property upon default, and therefore MERS had the inherent authority to assign the Note and Deed of Trust. See *Coleman v. Bank of N.Y. Mellon*, No. 3:12-cv-4783-M-BH, 2013 WL 1187158, at *3 (N.D. Tex. Mar. 4, 2013), *rec. adopted*, 2013 WL 1189264 (N.D. Tex. Mar. 21, 2013). "Any assignment by MERS was therefore valid, and any assignee became the new mortgagee and acquired all of MERS's rights." *Id.*; *accord Chevez v. HSBC Bank USA, Nat'l Ass'n*, No. 3:12-cv-3686-L-BN, 2013 WL 1335611, at *4 (N.D. Tex. Mar. 1, 2013), *rec. adopted*, 2013 WL 1338219 (N.D. Tex. Apr. 3, 2013). And the Assignment, available in the public records, shows that the Deed of Trust was assigned from MERS to Defendant. *See* Dkt. No. 9-2 at 29-31.

Therefore, even viewing the allegations and facts in the light most favorable to

Plaintiff as the nonmoving party and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has presented no evidence creating a genuine issue of material fact on this cause of action. That is, there is no evidence that the Assignment was not authorized or otherwise improper. As such, summary judgment should be granted in Defendant's favor on Plaintiff's claims that are based on her theory that MERS lacked the authority to assign the Note and Deed of Trust to Defendant.

*2)    Split-the-Note Theory*

To the extent that Plaintiff argues that Defendant did not have the right to foreclose under a "split-the-note" theory, as suggested by Defendant, *see* Dkt. No. 9-1 at 14-15, the United States Court of Appeals for the Fifth Circuit has recently rejected this argument. *See Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). While it recognized a "few" sources in Texas law that support the "split-the-note" theory, in *Martins*, the Fifth Circuit noted that the "weight of Texas authority" suggests the opposite. *Id.* at 254. The Court of Appeals concluded:

> The "split-the-note" theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned. The party to foreclose need not possess the note itself. Here, the mortgage was assigned to MERS, and then by MERS to BAC – the assignment explicitly included the power to foreclose by the deed of trust. MERS and BAC did not need to possess the note to foreclose.

*Id.* at 255.

In this case, Defendant is both the mortgage servicer and the mortgagee. *See* TEX. PROP. CODE § 51.0001(3), (4)(C); Dkt. No. 9-2 at 29-31 (showing that Defendant

has a valid assignment and is therefore the mortgagee); Dkt. No. 9-2 at 36 (showing that Defendant is the person to whom Plaintiff was instructed by the then-current mortgagee to send payments for the debt secured by a security and is therefore the mortgage servicer). Both the mortgagee and the mortgage servicer have the authority to foreclose. *See* TEX. PROP. CODE § 51.0025; *Reynolds v. Bank of Am., N.A.*, No. 3:12-cv-1420-L, 2013 WL 1904090, at *8 (N.D. Tex. May 8, 2013).

As such, Plaintiff's argument related to the split-the-note theory is unavailing and fails as a matter of law.

*3)       Show-Me-the-Note Theory*

Plaintiff also claims that, because Defendant did not have possession of the Note, it did not have the authority to foreclose. *See* Dkt. No. 12 at 6. Among other things, Plaintiff relies on the Texas Business and Commerce Code to support her theory – often referred to as the "show-me-the-note" theory. As an initial matter, Plaintiff's reliance is misplaced. The Texas Business and Commerce Code does not govern the enforcement of a deed of trust or note, where the deed of trust creates a lien against real property, *see* TEX. BUS. & COMM. CODE § 9.109(d)(11)), as is the case here, *see* Dkt. No. 9-2 at 6-28. Rather, enforcement of the Note is governed by Texas Property Code, Chapter 51. *See* TEX. PROP. CODE § 51.002.

Second, the show-me-the-note theory posits that, to foreclose, a party must produce the original note bearing a "wet ink signature." *See Martins*, 722 F.3d at 253. "Numerous federal district courts have addressed this question, and each has

concluded that Texas recognizes assignments of mortgages through MERS and its equivalents as valid and enforceable without production of the original, signed note." *Id.* "The original, signed note need not be produced in order to foreclose." *Id.*

As such, Plaintiff's arguments that "possession of the note is typically required in order for the holder to enforce it," *see* Dkt. No. 12 at 7, and Plaintiff's allegation that there is no "no public record of any assignment or transfer to" Defendant – assertions that sound in the "show-me-the note" theory – have been soundly rejected in this circuit, and her claims fail as a matter of law.

Defendant has presented undisputed evidence demonstrating a recorded assignment of the Note and Deed of Trust from MERS to Defendant, and as explained above, MERS had the power to assign its interest to Defendant. Because the assignment was valid, and Plaintiff has presented no evidence to raise a genuine issue of material fact to prove otherwise, Defendant had the authority to foreclose. Moreover, the Fifth Circuit has rejected Plaintiff's claims that Defendant lacked authority to foreclose based on the split-the-note or show-me-the-note theories, and these claims fail as a matter of law. *See Martins*, 722 F.3d at 256.

For these reasons, summary judgment should be granted in Defendant's favor with respect to any cause of action Plaintiff asserted based on Defendant's lack of authority to foreclose on the Property.

Wrongful Foreclosure

Plaintiff also appears to assert a general claim for wrongful foreclosure,

although Plaintiff does not explicitly argue against summary judgment on these grounds. Because Plaintiff is proceeding *pro se*, and Defendant presented an argument with respect to a wrongful foreclosure cause of action, *see* Dkt. No. 9-1 at 12, the undersigned will evaluate whether summary judgment is appropriate on these grounds.

The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, or unfairness in the conduct of a foreclosure sale. *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001). "Under Texas common law, a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank, NA*, No. 3:11-cv-972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug. 1, 2011) (citing *Am. Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975)). "The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Miller v. BAC Home Loan Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008, no pet.)). "A claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011).

Here, Plaintiff does not allege that there was an inadequate selling price, nor does she explain how a procedural defect caused an inadequate selling price. The undersigned can only assume that the alleged procedural defect, if any, would be Defendant's alleged lack of authority to foreclose. But, as stated above, the undersigned has already concluded that summary judgment is proper in Defendant's favor on those grounds.

Moreover, Plaintiff presented no <u>evidence</u> of an inadequate selling price or of a connection between an inadequate selling price and an alleged procedural defect in the foreclosure sale. And the evidence presented by Defendant demonstrates that all legally required notices were sent to Plaintiff in a timely manner, before the foreclosure, and that Plaintiff was properly notified of her default and Defendant's notice of acceleration. *See* Dkt. No. 9-2 at 32-37.

As such, even viewing the allegations and facts in the light most favorable to Plaintiff as the nonmoving party and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has presented no evidence creating a genuine issue of material fact on this cause of action. That is, there is no evidence – and in fact, Plaintiff did not even allege – that the sales price was grossly inadequate or that there was a causal connection between any alleged procedural defect and an inadequate sales price. As such, summary judgment should be granted in Defendant's favor on any wrongful foreclosure claim that Plaintiff may be bringing in this case. *See Levels v. Merlino*, ___ F. Supp. 2d ___, 2013 WL 4733993, at *25 (N.D. Tex. Sept. 3, 2013).

## Recommendation

The Court should grant Defendant's motion for summary judgment [Dkt. No. 9] as to all of Plaintiff's claims.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 6, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE